■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BEST, Appellant. [810 NYS2d 53]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered November 26, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, unanimously affirmed.

While defendant's appeal was pending before this Court, Governor Pataki granted defendant executive clemency, commuting his sentence from a term of nine years to five. As a result, defendant withdrew three of the four arguments he submitted in his appeal. Thus, the sole issue remaining before this Court is defendant's assertion that the People's evidence was insufficient, and that the jury's verdict was against the weight of the evidence. For the following reasons we find to the contrary.

Defendant concedes that his sufficiency claim is unpreserved. We decline to review it in the interest of justice. Were we to review this claim, we would find that there was ample evidence from which the jury could infer that defendant possessed the drugs at issue.

In order to prove defendant's guilt, under the statute applicable at the time of the crime, the People were required to establish that defendant "knowingly" possessed narcotics weighing four or more ounces (former Penal Law § 220.21). Knowledge "may be shown circumstantially by conduct or directly by admission, or indirectly by contradictory statements from which guilt may be inferred" (*People v Kirkpatrick*, 32 NY2d 17, 23 [1973], *appeal dismissed* 414 US 948 [1973], quoting *People v Reisman*, 29 NY2d 278, 285 [1971], *cert denied* 405 US 1041 [1972]).

In this case, a New York Police Department detective posed as a FedEx courier to deliver a package found to contain 16³/₄ ounces of cocaine. The package was addressed to Linda Wil-

liams in the Bronx. The detective testified that defendant eagerly approached him in the street as he was about to make the delivery and asked if he had a package for someone by the name of Williams. Defendant insisted on taking the package even though it was addressed to a woman.

It was reasonable to infer from this conduct that defendant, who lived in Manhattan, had come to the address (his uncle's house) to wait for the package and that he knew its contents. The detective further testified that he recovered an envelope from defendant's car. The envelope was addressed to defendant with a notation of FedEx's 1-800 number. The testimony further supported the inference that defendant was waiting for the package.

While defendant testified on his own behalf, and gave a slightly different version of events, we find no basis for disturbing the jury's determination concerning credibility. Thus, we find the verdict was based on legally sufficient evidence and was not against the weight of the evidence. Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.